UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/27/2022
```

| | |
|---|---|
| 105 MT. KISCO ASSOCIATES LLC, AMANDA'S LANE LLC, MARK STAGG, and KISCO KOMMERCIAL PROPERTIES, LLC,<br><br>                          Plaintiffs,<br><br>        – versus –<br><br>PAUL CAROZZA, RICHARD'S HOME CENTER & LUMBER, INC., RICHARD'S LUMBER & BUILDING MATERIALS CENTER, INC., CANRAD, INC. as successor to CANADIAN RADIUM & URANIUM CORP., VILLAGE OF MOUNT KISCO, WESTCHESTER COUNTY DEPARTMENT OF HEALTH, UNITED STATES, WESTWOOD NUCLEAR CORP., as successor to ISOTOPES, INC., THE NDL ORGANIZATION, INC. as successor to NUCLEAR DIAGNOSTICS LABORATORIES, INC.,<br><br>                       Defendants. | No. 15 Civ. 5346 (NSR) (JCM)<br><br>**SETTLEMENT AGREEMENT<br>AND CONSENT DECREE** |

This Settlement Agreement and Consent Decree ("Agreement") is made as of the Effective Date (as defined in paragraph 2), below, between the Plaintiffs (as defined in paragraph 2) and the United States of America ("United States," as defined in paragraph 2), collectively referred to as "the Parties."

WHEREAS, this action involves claims by the Plaintiffs against the United States for cost recovery or contribution under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601– 9675 ("CERCLA"); and

WHEREAS, the Plaintiffs' claims relate to the real property located at 105 Kisco Avenue, Mount Kisco, New York (hereinafter referred to as the "Property," and further defined in paragraph 2 below); and

WHEREAS, the Plaintiffs' Third Amended Complaint, Docket No. 319, seeks recovery and/or contribution for certain costs that the Plaintiffs allegedly have incurred, or will incur, in response to the release or threatened release of hazardous substances at the Property, along with a declaration of liability of the United States for costs to be incurred at the Property in the future;

WHEREAS, the United States does not admit that it is liable under CERCLA; and

WHEREAS, the Parties desire to enter into this Agreement to have a full and final resolution and settlement, without the admission or adjudication of any matter of fact or law, and to avoid the complication and expense of litigation, of any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity, including but not limited to claims under CERCLA that were, could now be, or hereafter could be asserted by the Plaintiffs against the United States in connection with the Property and the Covered Matters in this Agreement, except as expressly provided herein; and

WHEREAS, each of the Parties has received good and valuable consideration for the execution of this Agreement, and the Parties agree, and the Court finds that the Agreement is fair, reasonable, lawful, and in the public interest;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.    Parties Bound. The Parties to this Agreement are the Plaintiffs and the United States. This Agreement applies to, is binding upon, and inures solely to the benefit of the Plaintiffs and the United States. Except as specifically provided, this Agreement does not extend or inure to the benefit of any party, person, or entity other than the Plaintiffs and the United

States, and nothing in this Agreement shall be construed to make any other person or entity not executing this Agreement a third-party beneficiary to this Agreement.

    2.    <u>Definitions.</u> Unless otherwise expressly provided herein, terms used in this Agreement that are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in the statute and regulations, and whenever the terms listed below are used in this Agreement, the following definitions shall apply:

    a.  "Agreement" shall mean this Settlement Agreement and Consent Decree.

    b.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601–9675.

    c.  "Contamination" shall mean any pollutant, contaminant, hazardous substance, solid waste, or hazardous waste as those terms are defined by CERCLA and/or RCRA.

    d.  "Covered Matters" shall mean, subject to the following sentence, any and all claims for Response Costs that were, could now be, or hereafter could be asserted by the Plaintiffs against the United States, arising out of or in connection with the release or threatened release of Contamination to the environment at the Property, including any claims relating to Contamination that has emanated, is emanating, or in the future may emanate from the Property. Notwithstanding the previous sentence, "Covered Matters" do not include (i) tort claims against the Plaintiffs or the United States by third parties alleging personal injury or property damage resulting from alleged exposure to Contamination (A) except to the extent that the sums claimed qualify as Response Costs or (B) except as provided in Paragraph 6.b, below; or (ii) any Excluded Matters, as defined below.

e.  The term "day" shall mean a calendar day. In computing any period of time under this Agreement, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday, or Federal holiday.

f.  "Effective Date" shall be the date that this Agreement is approved by the Court.

g.  "Excluded Matters" shall mean (a) any claims or causes of action (including but not limited to injunctive claims or claims to recover CERCLA costs or natural resource damages claims) that may be brought by the United States on behalf of the United States Environmental Protection Agency, any federal natural resource trustee, or any other federal agency, department, or instrumentality of the United States enforcing environmental laws, in relation to the Property; and (b) any claims or causes of action brought by any person or entity (including Plaintiffs) against the United States seeking, on account of such person or entity's liability in connection with claims or causes of action under clause (a), cost recovery, indemnification, or contribution; *provided that* the United States reserves all defenses it would otherwise have against any claim described in this clause (b), other than any right it would have to protection from contribution.

h.  "Paragraph" or "Sub-Paragraph" shall mean an enumerated paragraph or sub-paragraph of this Agreement.

i.  "Plaintiffs" shall mean all of the following: 105 Mt. Kisco Associates LLC, Amanda's Lane LLC, Mark Stagg, and Kisco Kommercial Properties LLC, and their respective owners, shareholders, officers, directors, employees, beneficiaries, corporate or other predecessors, successors, assigns, affiliates, agents, and designees

whether pursuant to contract, by operation of law, or otherwise, in their own right, and as assignees of all entities who have or will assign their CERCLA cost-recovery and contribution rights to the Plaintiffs. Unless otherwise specified, references to the Plaintiffs include the group as a whole and each individual member thereof.

j. "Property" shall mean the area that is the subject of the Plaintiffs' claims, described in the Third Amended Complaint as real property located at 105 Kisco Avenue, Mt. Kisco, New York, as well as any area where hazardous substances that migrated from the Property have come to be located, including but not limited to the real property located at 103 Kisco Avenue, Mt. Kisco, New York.

k. "RCRA" shall mean the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901–6992K.

l. "Response Action" shall mean any Removal or Remedial Action, as those terms are defined in CERCLA, 42 U.S.C. § 9601(23), (24).

m. "Response Costs" shall mean all costs of response, including but not limited to direct and indirect costs, incurred or to be incurred by the Plaintiffs or any other person related to the cleanup of, response to, or the corrective action or closure associated with any solid or hazardous waste, hazardous substance, petroleum, pollutants, or contaminants in, on, at, emanating from, or related to the Property, including costs to comply with or implement any past or future federal, state, or local environmental requirement or otherwise address environmental conditions at or related to the Property. Response Costs include accrued interest on all such costs  including all payments to, or costs of, state, local, or other governmental authorities.

n. "Settlement Amount" shall mean the total amount of $155,000, which the United

States will pay to the Plaintiffs pursuant to the terms of this Agreement.

o. "Third Amended Complaint" shall mean the Third Amended Complaint filed by the

Plaintiffs in *105 Mt. Kisco Associates LLC, et al. v. Carozza, et al.*, No. 15 Civ. 5346

(S.D.N.Y.) on October 18, 2020.

p. "United States" shall mean the United States of America, including all of its

departments, agencies, instrumentalities, and contractors.

3.   Payment.

a. As soon as reasonably practicable after the Effective Date, the United States shall pay

the sum of One Hundred Fifty-Five Thousand Dollars ($155,000.00) to the Plaintiffs.

Payment shall be made by Automated Clearing House ("ACH") Electronic Funds

Transfer ("EFT") in accordance with deposit instructions provided below:

> Manufacturers and Traders Trust Company
> 28 East Main Street, Rochester, NY 14614
> Account Name: Knauf Shaw LLP, Linda R. Shaw, Esq.
> IOLA Attorney Account
> Routing #: 022000046
> Account # 9856855730

b. If the full balance is not paid within one hundred and twenty (120) days after the

Effective Date, then interest on the unpaid balance shall be paid commencing on the

121st day after the Effective Date. Interest shall accrue at the rate specified for

interest on investments of the Hazardous Substance Superfund established under

subchapter A of chapter 98 of Title 26 of the United States Code.

c. If the payment required under this Paragraph is not made within 180 days after the

Effective Date of this Agreement, the Plaintiffs may apply to the Court for such relief

as the Court may deem appropriate, subject to the limitations set forth in
subparagraph (d) below.

d.  The Parties to this Agreement recognize and acknowledge that the payment
obligations of the United States under this Agreement can be paid only from
appropriated funds legally available for such purpose. Nothing in this Agreement
shall be interpreted or construed as a commitment or requirement that the United
States or any federal agency obligate or pay funds in contravention of the Anti-
Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

4.  <u>Release and Covenant Not To Sue By the Plaintiffs.</u> Except as provided in the
following sentence regarding Excluded Matters, upon the Effective Date of this Agreement, for
and in consideration of the commitments by the United States in this Agreement, the Plaintiffs
hereby forever release, discharge, and covenant and agree not to assert (by way of the
commencement of an action, the joinder of the United States in an existing action, counterclaim,
or in any other fashion) any and all claims, causes of action, suits, or demands of any kind
whatsoever in law or in equity against the United States which it had, may have had, or may
hereafter have, including but not limited to claims under CERCLA, RCRA, or any other federal
law, state law, or common law arising out of, or in connection with the presence of, the release or
threatened release of, or the response to Contamination at or emanating from the Property and, in
the event that any of the Plaintiffs obtain title to it,  the property located at 103 Kisco Avenue,
Mount Kisco, New York. Notwithstanding the previous sentence, nothing in this Agreement
releases or discharges any Excluded Matters.

5.  <u>Protection Against Claims.</u>

a. The Parties acknowledge and agree, and the Court finds, that the payments to be made by the United States pursuant to this Agreement represent a good faith compromise of disputed claims and that the compromise represents a fair, reasonable, and equitable discharge for Covered Matters. With regard to any claims, including claims for costs or damages, by third parties against the United States for Covered Matters, to the extent such claims or causes of action are based on any actions or activity of the United States at or regarding the Property that occurred prior to the Effective Date of this Agreement, the Parties agree, and the Court finds, that the United States is entitled to contribution protection as provided under 42 U.S.C. § 9613(f)(1), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability in contribution to persons not party to this Agreement. Any rights the United States or the Plaintiffs may have to obtain contribution or otherwise recover costs or damages from persons not party to this Agreement are preserved.

b. The Parties agree to join in and support, as appropriate, such legal proceedings as may be necessary to secure the Court's approval and entry of this Agreement.

6. <u>Covenant Not To Sue By the United States and Reservation</u>. The United States hereby covenants not to sue the Plaintiffs and releases, surrenders, and forever discharges any claims or causes of action against the Plaintiffs arising out of or in connection with the presence of, the release or threatened release of, or the response to Contamination at or emanating from the Property, except that: (a) the United States specifically reserves its right to assert against the Plaintiffs any Excluded Matter, including any claims or causes of action (including but not limited to injunctive claims or claims to recover CERCLA costs) or natural resource damages

8

claims that may be brought by the United States on behalf of the United States Environmental

Protection Agency, any federal natural resource trustee, or any other federal agency, department,

or instrumentality of the United States enforcing environmental laws; and (b) nothing in this

Agreement shall constitute or be construed as a waiver, limitation, or release of any claims or

causes of action by the United States to enforce any federal laws, regulations, or orders in

connection with the Property and any off-Property area. This Paragraph 6 does not reserve any

rights by the United States to assert claims against the Plaintiffs to recover all or part of the

monies to be paid pursuant to Paragraph 3 of this Agreement.

7.    Effect of Settlement/Entry of Judgment.

a.   This Agreement was negotiated and executed by the Plaintiffs and the United States
     in good faith and at arm's length and is a fair and equitable compromise of claims.
     This Agreement shall not constitute or be construed as an admission of liability or any
     issue of fact or law, including but not limited to an admission of a violation of any
     law, rule, regulation, or policy by any of the Parties to this Agreement.

b.   Upon approval and entry of this Agreement by the Court, this Agreement shall
     constitute a final judgment with respect to the claims resolved by this Agreement.

8.    Non-Parties To This Agreement. Nothing in this Agreement is intended to be, nor

shall anything be construed as, a waiver, release or covenant not to sue for any claim or cause of

action, administrative or judicial, in law or in equity, that the Plaintiffs or the United States may

have against any person, firm, partnership, trust, corporation, or any other entity that is not a

Party to this Agreement.

9.    Conflicts of Law. This Agreement shall be governed and construed under the laws

of the United States and federal common law.

9

10.     <u>Headings.</u> Any paragraph headings or section titles to this Agreement are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provision of the Agreement.

11.     <u>Original Counterparts.</u> This Agreement may be executed in any number of original counterparts, each of which shall be deemed to constitute one agreement. The execution of one counterpart by any party shall have the same force and effect as if that Party had signed all other counterparts.

12.     <u>Integration Provision.</u> This Agreement, including any attachments, constitutes the entire Agreement between the Plaintiffs and the United States with respect to the matters addressed in this Agreement. All prior discussions, drafts, and writings are specifically superseded by this Agreement and may not be used to vary or contest the terms of this Agreement. This Agreement may be amended only by a writing signed by all the parties hereto.

13.     <u>Representative Authority.</u> The individuals signing this Agreement on behalf of the Plaintiffs and the United States hereby certify that each is authorized to bind legally his or her respective Party to this Agreement.

14.     <u>Successors and Assigns.</u> This Agreement shall be binding on any successors and assigns of the Parties. Any change in ownership or corporate or legal status of any Party to this Agreement, including but not limited to the transfer of assets or of real or personal property, shall in no way alter the status of responsibilities of any of the Parties to this Agreement under this Agreement. The Plaintiffs shall provide written notice to the United States, at the address specified in Paragraph 15, within 30 days after the effective date, of any change in ownership, corporate, or other legal status.

15.     <u>Notices.</u> All notices and written communications pertaining to this Agreement shall be sent to the Parties at the addresses specified in this Paragraph..

    a.   For the United States:

           Environmental Protection Unit
           Attn: AUSAs Peter Aronoff and Anthony J. Sun
           United States Attorney's Office
           Southern District of New York
           86 Chambers St., Third Floor
           New York, NY 10007

    b.   For the Plaintiffs:

           Kathleen Bradshaw, Esq.
           c/o Stagg Group
           5959 Broadway Suite
           Bronx, New York 10463

           With a copy to:
           Linda R. Shaw, Esq.
           Knauf Shaw LLP
           1400 Crossroads Bldg.
           2 State Street
           Rochester, New York 14614

16.     <u>Retention of Jurisdiction.</u> This Court shall retain jurisdiction both over the subject matter of this Agreement and over the Parties for the duration of the performance of the terms and provisions of this Agreement, for the purpose of enabling a Party to apply to the Court consistent with this Agreement for such further order, direction, and relief as may be necessary or appropriate to construe this Agreement, to effectuate or enforce compliance with its terms, or to resolve any disputes arising under this agreement.

Date:   New York, New York
      April    13 , 2022

105 Mt. Kisco Associates LLC, Amanda's
Lane LLC, Kisco Kommercial Properties
LLC, and Mark Stagg

By: _____
Name:    Mark Stagg
Title:     As an Individual
          As Managing Member of 105
          Mt. Kisco Associates LLC
          As Managing Member of
          Amanda's Lane LLC
          As Sole Member of Kisco
          Kommercial Properties LLC

SO ORDERED:

Dated: ___ April 27 _____ , 2022
White Plains, New York

Date:   New York, New York
      April 12, 2022

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  PETER ARONOFF
      ANTHONY J. SUN

Assistant U.S. Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697/2810
Fax: (212) 637-2717
Email: peter.aronoff@usdoj.gov
        anthony.sun@usdoj.gov
*Attorney for the United States*

_____
HON. NELSON S. ROMÁN
United States District Judge